IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO QUIROZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ERNEST J. LICALSI, and COUNTY OF MADERA, a Municipal Corporation and Public Entity,<br><br>        Defendant. | CV F 03-5181 AWI SMS<br><br>ORDER VACATING HEARING DATE OF JUNE 6, 2005<br><br>ORDER GRANTING CONTINUANCE AND SETTING BRIEFING SCHEDULE |

    Defendants have noticed for hearing and decision a motion for summary judgment. The matter was scheduled for hearing to be held on June 6, 2005.

    On May 20, 2005, Plaintiff filed an ex parte application to extend the time to file an opposition to Defendants' motion for summary judgment. Plaintiff contends that Plaintiff needs time to complete the deposition of Fabian Benadente, who was a key witness to the events underlying this action. Plaintiff asks that the hearing on Defendants' motion to be moved to July 5, 2005.

    On May 23, 2005, Defendants filed an opposition to Plaintiff's application to extend time. Defendants contend that Plaintiff has not been diligent in conducting discovery. In addition, Defendants claim that Defendants' counsel has a trial beginning in Federal Court on June 15, 2005, making it difficult for Defendants to file a reply to Plaintiffs' opposition in late June 2005.

1    To the extent that Plaintiff seeks an extension of time to oppose Defendant's motion for
2 summary judgment, the court will construe the motion as a motion pursuant to Rule 56(f),
3 Federal Rules of Civil Procedure.  Rule 56(f) provides as follows:

> (f) When Affidavits are Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).  "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)).  The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.  Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Factors courts have considered in granting motions pursuant to Rule 56(f) include: (1) a summary judgment motion made early in the litigation before relevant discovery could be completed; (2) discovery having been stayed by court order; (3) the case involving complex facts requiring additional discovery; (4) the material facts are within the exclusive knowledge of the moving party; (5) discovery requests are currently outstanding to the moving party; and (6) the motion raises new and unanticipated issues.  Schwarzer, Tashima, Wagstaffe, Cal. Practice Guide: Fed.Civ.Pro. Before Trial, § 14:115 (The Rutter Group 2005) (citing Garrett v. San Francisco, 818 F.2d 1515 (9th Cir. 1987), DiMartini v. Ferrin, 889 F.2d 922 (9th Cir. 1989), and Weir v. Anaconda Co., 773 F2d 1073 (10th Cir. 1985).

A review of the parties' briefs and Defendants' motion for summary judgment reveals

2

that the testimony of Fabian Benadente is crucial to this action.    Mr. Benadente's testimony may provide evidence linking Defendant Ernest J. LiCalsi to the alleged constitutional violations or it may provide evidence that Mr. Benadente acted alone in many of the events underlying Plaintiff's constitutional claims.    Facts material to both Plaintiff and Defendants' case are within Mr. Benadente's knowledge.    As such, justice would require allowing for his deposition prior to ruling on Defendants' motion for summary judgment.

The court does recognize that a request for a continuance can be denied if the movant has failed to diligently pursue discovery.  Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).    While the court does not find Plaintiff has used all due diligence in attempting to arrange for Mr. Benadente's deposition, the court cannot find the failure to have completed Mr. Benadente's deposition is entirely Plaintiff's fault.    Mr. Benadente was deposed by Defendants on April 15, 2004.    The deposition was then continued to allow Plaintiffs to question Mr. Benadente to May 13, 2004, and then continued by Defendants until June 11, 2004.    Defendants then canceled the June 11, 2004 deposition because of the day of mourning for President Reagan. On June 17, 2004, Plaintiffs requested another date.    Around this time, counsel for Defendants changed.  The parties dispute whether the issue of Mr. Benadente's deposition was discussed during the remainder of 2004.     In January 2005, Plaintiff again raised the issue of Mr. Benadente's deposition.    During early 2005, contacts with Mr. Benadente were done through Defendants' counsel.    It appears Defendants set the deposition of Mr. Benadente for April 18, 2005, but it was canceled by Defendants.    After Defendants indicated they would no longer assist in obtaining Mr. Benadente's deposition, Plaintiff subpoenaed Mr. Benadente.    The deposition was set for May 17, 2005, but it had to be continued until May 26, 2005 because Mr. Benadente was ill.

While the entire process of obtaining Mr. Benadente's deposition has not been completed in a timely manner, the court cannot hold Plaintiff solely responsible for the delays.  Defendants were responsible for some of the deposition's continuances.    In addition, there appears to have

3

been confusion over whether Defendants would arrange for the deposition or whether Plaintiff could directly subpoena Mr. Benadente.  Mr. Benadente has also requested continuances of the deposition.   Given the events that have resulted in the delay to Mr. Benadente's deposition, the court cannot find that Plaintiff's failure to take Mr. Benadente's deposition is purely the result of Plaintiff's lack of diligence.  Thus, a continuance will be allowed.

Plaintiff has proposed the motion be continued until July 5, 2005.  Defendants' attorney indicates that he may be unavailable during this time because he is scheduled for a three week trial beginning on June 14, 2005.  Given Defendants' attorneys' conflict and the difficulty in maintaining the current trial date in light of when the court would rule on Defendants' summary judgment, the court finds it necessary to move the trial date.

Therefore, the court ORDERS that:

1. The previously set hearing date of June 6, 2005, is VACATED, and no party shall appear at that time;
2. Plaintiff SHALL file any response to Defendants' motion for summary judgment by June 27, 2005;
3. Defendants may file any response to Plaintiff's opposition by July 11, 2005;
4. The hearing on this matter is set for July 25, 2005 at 1:30 p.m;
5. The August 2, 2005 trial date is VACATED; and
6. By June 13, 2005, the parties are DIRECTED to meet and confer together and with Courtroom Deputy Harold Nazaroff to determine the next trial date that is available for the parties and the court.

IT IS SO ORDERED.

**Dated:   May 27, 2005**         /s/ Anthony W. Ishii
0m8i78                          UNITED STATES DISTRICT JUDGE